Parker C. J.
The assessors, acting by virtue of authority from the town, must, like other agents, prove their authority. They must show that they were legally chosen and duly qualified to act. And it is necessary, in order to make out this point, that they should show that the inhabitants of the town were legally assembled at the meeting when they were chosen.
This should be proved by the records ; and if so proved, parol evidence cannot be admitted to contradict the fact, for the officers can only look to the records for their authority; as was settled in the case of Saxton v. Nimms et al. 14 Mass. Rep. 320.1
But if the records are burnt, mutilated, or otherwise destroyed, paroi evidence may be let in to supply the defect; as *114 has been decided in several cases relating to the warning on PauPers m the towns within the county of Suffolk, where the records of the Court of Sessions for a certain period were destroyed by fire.
The return of the officer on the warrant for calling the meet ing is not conclusive of the day on which he notified the inhabitants. He dates his return on the day of the meeting, and says he has notified the inhabitants to meet, &c., by posting up notifications. This is not an unusual, though an imperfect discharge of duty. Such a return cannot be supposed to mean, that on the day of the date the service was made, but it is intended only as a certificate that the duty required had been performed. It is a case in which the officer would be allowed to amend his return at any time during his continuance in office, as in the case of Welles v. Battelie.[1] The fact not appearing of record, that the notification was out of season ; the meeting having been held as though regularly warned, and it being so certified; and it being an annual meeting required by law, every presumption should be in favor of its regularity. It has been said in argument, that heretofore assessors have been obliged to go behind the record and show from the beginning that all the proceedings have been in strict compliance with the law ; if so, it has been in cases different from the present, and in which the title to real estate has been in question ; .and then it must have been on the ground, that a strict execution of the law is required to be proved, when a man is to be deprived of his inheritanee by statute. The question is not then between an individual and an officer who has acted in the execution of his office, but between a purchaser who should look to the title, or rely upon his covenants, and one who would own the land but for the operation of a statute upon it. The cases are widely different; for a suit against an officer must proceed upon some negligence of duty, or violation of a constitutional or legal right, and it would be unjust to charge him for the mistakes and errors of other officers, if by the records it shall appear that the act complained of was one which he was officially bound to perform.
The case of an assessment upon one who is no[1] '-sgally lia *115 Die to be taxed, and of assessing a tax which the town had no authority to raise, are different in principle from this case ; for, m the first instance, the assessor commits the wrong himself, and in the other, he acts under, an authority wholly void.[1] Here the inhabitants were assembled at the time prescribed by law for the organization of the town for the year, and the record states, that they had been legally warned for this purpose, and that the defendants were duly elected assessors, and were sworn to discharge all the duties of that office. They were not obliged to look back and ascertain whether the constable had performed his duty, and cannot, under these circumstances, be charged as trespassers. There must be some limitation to the right of inquiring into the regularity of proceedings by towns, or no officer would be safe in the execution of his duty; and we think, when it appears of record that a meeting has been regularly called, and the meeting has been held and the officers chosen at such meeting without any objection on account of deficiency in warning, that any anterior irrregularity, provable only by paroi, cannot vitiate the choice.[2]

New trial granted.

 See Anon, yost, 196.

 Stetson v. Kempton, 13 Mass. R. 272. See Ingraham v. Doggett, 5 Pick. 451; Inglee v. Bosworth, 5 Pick. 498; Gage v. Currier, 4 Pick. 399; Withington v. Eveleth, 7 Pick. 106.

 First Parish in Sutton v. Cole, 3 Pick. 232. In trespass for taking and driv ing away cattle, where the defendant justifies as field-driver, it is sufficient for him to prove that he was chosen at the annual town meeting for choosing town officers, without producing any record of a vote of the town prescribing the time and manner of notifying town meetings, and without proving a compliance with such vote in the notification of the meeting in question; and the notification will be presumed to be legal, unless it is shown to be otherwise. Gilmore v. Holt, 4 Pick. 258. See Pejepscut Proprietors v. Ransom, 14 Mass. R. 145; Mussey v. White, 3 Greenl. 290; Waldron v. Lee, 5 Pick. 326; Blackburn v Walpole, 9 Pick. 100.

 See Durfey v. Hoag, 1 Aikens’s R 286.